JOHN N. MASON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

1. DRAINAGE—*city may create drainage district independently of Drainage act of 1885.* By virtue of the provisions of clauses 13 and 29 of section 1 of article 5 of the City and Village act of 1872, (Rev. Stat. 1874, pp. 220, 221,) a city may construct a drainage system in a district having its limits bounded by ordinance, independently of the Drainage act of 1885. (Laws of 1885, p. 60.)

2. SPECIAL ASSESSMENTS—*when property not on line of main sewer may be assessed.* Property not abutting on the line of a main sewer may be assessed to the extent of its benefits if it is within the defined limits of a district having the right to drain into the sewer, or some provision is made securing that right to the property.

3. SAME—*drainage assessment, under general law, may be divided.* A special assessment for a drainage improvement in a district created under the provisions of the City and Village act of 1872 and its amendments may be divided into installments. (*City of Charleston* v. *Cadle*, 166 Ill. 487, and *Andrews* v. *People*, 173 id. 123, distinguished.)

MAGRUDER, J., dissenting.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

HARVEY MITCHELL HARPER, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, and G. W. AMBROSE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed a special assessment, collectible in five annual installments, levied by the city of Chicago upon the property of the plaintiffs in error for the purpose of paying for a system of main sewers in South Forty-fifth avenue and other streets in said city. This writ of error seeks to review that judgment.

The ordinance for the improvement was passed by the city council March 25, 1895. The first section describes the location of the sewers, with their dimensions, manner of construction, grades, catch-basins, man-holes and house connections. The second section describes certain territory, including premises not adjoining the sewers, and declares such territory to be a drainage district for the purposes of said improvement. By the fifth section the special assessment is divided into five installments, and the objection to the judgment is based on this section, which is claimed to be invalid for want of power in the city to so divide the assessment. This claim is based upon the assertion that the city, in building these sewers, proceeded under and by virtue of the act entitled "An act to vest the corporate authorities of cities and villages with power to construct, maintain and keep in repair drains, ditches, levees, dykes and pumping works for drainage purposes, by special assessment upon the property benefited thereby," in force July 1, 1885. (Laws of 1885, p. 60.) If it is true that the authority to build the sewers was derived from that act and the city had no power to provide for the improvement except under the authority thereby conferred, then the provision for a division into installments was invalid and without authority of law. (*City of Charleston* v. *Cadle*, 166 Ill. 487; *Andrews* v. *People*, 173 id. 123; *City of Charleston* v. *Johnston*, 170 id. 336.) Under that act there is no power to divide an assessment into annual installments. It does not appear to us, however, that the city was acting under that statute, and it

had ample authority for the ordinance and making the improvement without it. By the general act of 1872 for the incorporation of cities, villages and towns, under which the city of Chicago is organized, full power is given to make such an improvement as this and to pay for it by special assessment, and the power has been exercised by that city and every other city so organized which saw fit to do so. By the thirteenth clause of section 1 of article 5 of that act power is given to regulate the building and repairing of sewers, tunnels and drains in the streets, and by the twenty-ninth clause authority is conferred to construct and keep in repair culverts, drains, sewers and cesspools, and to regulate the use thereof. The city had authority, under the same act, to provide for the draining or filling of ponds on private property whenever necessary to prevent or abate nuisances; but the power was a limited one, and the act of 1885 conferred a broader authority to construct drains, ditches, levees and dykes, to erect pumping works and to acquire the necessary lands and machinery for such purposes, and to otherwise provide for draining lands. That act also vested the corporate authorities with power to keep in repair such drains, ditches, levees, dykes, pumping works and machinery, and such drainage improvement, by special assessment not oftener than once in any one year. While this act increased the power of cities to inaugurate schemes of land drainage, it was wholly unnecessary to confer power for building sewers in streets, with house connections, man-holes, catch-basins, and the usual appurtenances of such an improvement. In acting under their general powers in respect to sewers and sewerage it has always been customary to build main sewers in certain streets, with lateral branches draining into them, so as to benefit the whole district reached by that means. Property not on the line of a main sewer may be benefited by bringing an outlet for sewerage nearer to the property; but we held in the case of *Title Guarantee and Trust Co.* v. *City of*

*Chicago,* 162 Ill. 505, that in order to assess such property a district must be designated which will have a right to drain into the sewer, or some provision must be made which will give the property the benefit of such sewer. That is all that appears to have been done here. Certain territory was designated as a district for the purpose of this system of sewers, so that property not contiguous to the main sewer might be assessed and the owners assured that it would be an outlet for sewerage from their property. The fact that the ordinance terms the territory a drainage district for the purposes of the sewers has no tendency to show that the city proceeded under the act of 1885. Neither that act nor the general act says anything about drainage districts, and the creation of a district is only necessary under either to fix the bounds of property entitled to the benefits of the improvement. *Gray* v. *Town of Cicero,* 177 Ill. 459.

The city of Charleston undertook to improve certain territory within its corporate limits by draining the lands under the authority of the act of 1885, and we decided that the assessment could not be divided into installments under that act. In *Andrews* v. *People, supra,* counsel did not point out any other act containing authority for the improvement, and it was assumed that the city proceeded under the act of 1885. In this case there is, as we have said, ample authority outside of that act, and this ordinance does not seem to have been passed in pursuance of it, but under the general act of incorporation. Its provisions are for the building of ordinary sewers, with the usual house connections, such as were built and paid for by special assessment for a long period of years before the statute of 1885 was enacted. Under such general act there is no question of the power of the city to divide the special assessment into installments.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.