Boyce v. Tuhey.

# BOYCE v TUHEY.

[No. 20,070.    Filed April 7, 1904.    Rehearing denied June 28, 1904.]

MUNICIPAL CORPORATIONS.—*Sewers.*—*Plans and Specifications.*—*Powers of Council.*—*Complaint.*—Where the complaint shows that the city council adopted plans and specifications for the construction of a sewer of twelve-inch vitrified sewer-pipe, including the necessary subsoil drains, manholes, lampholes, flushing tanks, specials, catch-basins, and house connections, and that the contract was let to the lowest and best bidder, that a committee on assessment of benefits proceeded in accordance with the law (§§4288, 4289, 4290, 4292, 4294 Burns 1901, Acts 1889, p. 237) and assessed benefits, the engineer's estimates having been submitted as provided by law, and such sewer had been completed and accepted by said council, such complaint is not bad on the ground that such contract was to build a "sewer and house connections," part public and part private work.   *pp. 210, 211.*

PLEADING.—*Complaint.*—*Motion to Make More Specific.*—Where a complaint shows that the city council of a city had contracted for the construction of a "sewer and house connections," a motion to make more specific by setting out separately the amounts due on "sewer" and amount on "house connections" should be overruled, since the sewer included the house connections.   *p. 208.*

MUNICIPAL CORPORATIONS.—*Sewers.*—*Proceedings to Establish.*—*Collateral Attack.*—Where a city council proceeded in the construction of a sewer in the manner prescribed by statute (§§4288–4294 Burns 1901, Acts 1889, p. 237), its proceedings, though irregular, are not void, and therefore not open to collateral attack in an answer to a complaint to foreclose the lien for the construction of such sewer, since the council had jurisdiction of the subject-matter and the persons concerned.   *p. 209.*

SAME.—*Powers by Implication.*—The rule is elementary that the grant of a principal power carries with it, by implication, all other powers necessary to carry out such principal power.   *p. 211.*

SAME.—*Sewers.*—*Plans and Specifications.*—*Power of Council to Adopt.*—The city council in adopting plans for sewers may make all necessary arrangements for private as well as public use of such sewer, and therefore they have power to establish house connections, and to lay the pipes therefor to and through the curb line of such street, as a part of such sewer.   *p. 211.*

SAME.—*Sewer Assessments.*—*Private Benefits.*—In making sewer improvements city councils should take into consideration the private benefit to each property owner, and where house connections are put in as a part of such sewer, that should be taken into consideration in making such assessment.   *pp. 212, 213.*

LIMITATION OF ACTION.—*Sewer Assessment Lien.*—Where a sewer assessment was made by a city council on September 26, 1892, and an action to fore-

close the lien thereof was filed March 10, 1900, an answer of the six-year statute of limitations is bad. *p. 214.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by Edward Tuhey against James Boyce and others to enforce a sewer construction lien. Plaintiff dismissed as to all except James Boyce. From a decree in favor of the plaintiff for $802.69 and the foreclosure of his lien, the defendant appeals. *Affirmed.*

*C. L. Medsker*, for appellant.
*Rollin Warner* and *A. W. Brady*, for appellee.

JORDAN, J.—Appellee sued appellant to foreclose a lien on certain described real estate arising out of the assessment of benefits by reason of the construction of a sewer in the city of Muncie, Delaware county, Indiana.

The complaint contains but one paragraph, and alleges facts, in substance, as follows: At a regular meeting of the common council of the city of Muncie, held July 27, 1891, said council adopted, by a vote of three-fourths of all its members, a resolution declaring it necessary to construct a sewer in said city on Main street, from Madison street east to Beacon street. The sewer was to be constructed of vitrified sewer-pipe, of the diameter of twelve inches, with a subsoil drain-pipe four inches in diameter, and with the necessary house connections and other appurtenances. The resolution declared that the entire cost thereof should be assessed against and collected from the lands and lots benefited thereby. The 24th day of August, 1891, was fixed as the day upon which objections might be made to the construction of said improvement. The clerk was directed to give the required notice of the time and place when such objections would be heard. This notice appears to have been duly given by publication in the Muncie Daily Times. It appears that at the time fixed the council heard the objections, and thereafter an ordinance was introduced ordering the construction of said

Boyce *v.* Tuhey.

sewer. On the 31st. day of August, 1891, at a regular meeting of the common council, this ordinance was passed and adopted by a vote of five-sixths of all the members composing the council. By this ordinance, among other things, it was ordered and directed that the sewer should be denominated "Main street sewer No. 1," and should be constructed according to the plans and specifications therefor on file in the office of the civil engineer of said city, including the necessary subsoil drains, manholes, lampholes, flushing tanks, specials, catch-basins, and house connections, and that the cost arising out of the construction of the sewer should be assessed against and collected from the owners of the lands and lots benefited thereby.

The proper notice for receiving bids and letting the contract for the construction of the improvement was ordered to be given. This notice is shown to have been given. On the 28th day of September, 1891, the day fixed for letting said contract, the firm of Kinsey & Tuhey, composed of Thomas W. Kinsey and the appellee herein, submitted a bid to the council for the construction of the sewer. By this bid they offered and proposed to construct the sewer for certain specified prices, for furnishing and laying pipes, etc., among which it was specified for furnishing and laying four-inch pipe for house service or connections including detachable covers and cement joint, per lineal foot, fifteen cents. Other prices in regard to excavations, manholes, lampholes, flushing tanks, etc., were specified and set forth in this bid, which is shown to have been the lowest and best bid received for the construction of said sewer. This bid was accepted by the council, and thereafter, on the 9th day of October, 1891, it entered into a written contract with the said Kinsey & Tuhey for the construction of the sewer, in conformity with the resolution, ordinance, plans, and specifications.

It is disclosed that on the 6th day of September, 1892, the sewer was completed in accordance with said contract,

and was so reported to the common council, and the improvement was by it accepted as completed. It is further shown that the city engineer filed his final report and estimate of the total cost of the sewer, the entire length of which was 1,928 feet, and the total cost for the construction thereof was $3,795.20. In this report a description of each lot, part of lot, parcel of ground, or real estate benefited by the construction of the sewer was given, together with the special benefits derived, and which should be assessed against each lot, part of lot, or part of ground described. The amount of said special benefits as estimated against the real estate of appellant in said report was $439.20. After the filing of this report the matter was referred by the council to its committee on sewers and drains, which committee was ordered to meet on the 23d day of September, 1892, at 10 o'clock a. m., at which time it was ordered a hearing should be had upon said report and estimate of benefits. Due notice as required by the statute was given in respect to the time and place of the meeting of said committee, before which all persons aggrieved were to be accorded a hearing. On September 26, 1892, the committee made its report to the common council, to the effect that the estimates made in the engineer's report were full and correct, and that the said sewer had been constructed according to contract, and recommended therein that the report and estimate of benefits made by the engineer be adopted and confirmed by the common council. Thereupon the said council accepted and adopted said report, and assessed the benefits therein set forth upon the real estate therein described. All of which appears to have been done by a resolution adopted by the council, setting forth and describing the real estate assessed, etc. Appellant was the owner of the real estate described and assessed as benefited by the said improvement to the amount of $439.20, and this amount is the assessment involved in this case.

In 1893 said Thomas W. Kinsey assigned and trans-
ferred to appellee all of his interest and right in and to
the assessment in suit, and appellee is the sole owner there-
of. On the 14th day of February, 1900, appellee notified
appellant and others against whose property assessments
had been made, that the same were due and payable to
him, and if not paid on or before the 22d day of that
month, suit would be commenced to collect them. In fact
it may be said that the complaint discloses that all of the
necessary steps prescribed by the statute for the construc-
tion of the improvement in question were properly taken
by the common council. The prayer of the complaint is
that the lien arising out of said assessment be declared and
established, and that the same be foreclosed, with interest
and attorney's fees, etc. The action was commenced on
the 10th day of March, 1900.

Appellant unsuccessfully moved the court to require the
plaintiff to make his complaint more specific by separating
the total amount of assessments made against appellant's
property into two parts, so as to show (1) the amount
assessed for the cost of the construction of the sewer; (2)
the amount assessed for the cost of house connections. Ap-
pellant filed an answer consisting of twenty paragraphs,
the first of which was a general denial. This was subse-
quently withdrawn. By the second paragraph he set up as
a defense that the action had not accrued within six years.
The substance of the third paragraph is that the plaintiff's
cause of action was for work and labor done in the con-
struction of the sewer named in the complaint, and for
house connections; that the cost of constructing these con-
nections is included in and constitutes a part of the assess-
ment in suit. It is alleged that the defendant is unable to
state, and does not know, the amount of the cost of the
house connections, and that said connections were no part
of the sewer; that they were simply private connections,

and for the private use of persons who were supposed to desire the use thereof; that the connections were not used by appellant, and were made over his objection and remonstrance, and, so far as plaintiff's cause of action is based thereon, the same did not accrue within six years before the commencement of this action. The fourth paragraph alleges that the common council of the city of Muncie declared by resolution that it was necessary to construct the sewer mentioned in the complaint, with house connections; that these connections were ordered to be constructed of four-inch sewer-pipe, this pipe was to be placed in the street, and was to extend from the sewer to a point twelve inches beyond the curb line in front of each piece of property or division thereof. It is further alleged that these house connections were solely for the private use of the property owners along the line of the sewer for house sewage, and were no part of the sewer. The defendant, it is alleged, remonstrated in writing against the construction of the sewer as ordered; that the assessment sued on is for work done in the construction of the sewer and said house connections. It is averred that the council had no power, right, or authority to construct said connections as a part of the sewer, and that therefore the resolution, ordinance, assessment, and contract as set out in the complaint are all illegal and void. Each of the other paragraphs of the answer under the facts therein alleged, proceeds upon the theory that the common council had no power or authority to provide for constructing the sewer with house connections.

Appellee successfully demurred to each of the paragraphs of the answer. Upon the court's sustaining the demurrer to these paragraphs, appellant refused to plead further, but elected to abide by the rulings of the court on the demurrer. Thereupon the court rendered judgment in favor of the appellee, foreclosing the lien, etc. From

this judgment appellant appeals. The validity of the ordinance being in question, the jurisdiction is lodged in this court.

The insufficiency of the complaint is assailed for the first time under the assignment of errors. The other alleged errors are predicated on the rulings of the court in denying the motion to make the complaint more specific, and in sustaining the demurrer to each of the paragraphs of the answer.

It is insisted by counsel for appellant that the court erred in overruling the motion to make the complaint more specific, for the reason that the pleading disclosed an assessment for two kinds of improvement: First, for the construction of a sewer; second, for the construction of house connections. It is asserted that the first is a public improvement, and the second is but a private improvement. Therefore it is contended that appellant was entitled to be advised by the complaint as to what was the cost alone of the house connections. It is insisted also that the complaint must be held bad under the assignment of error assailing its insufficiency of facts, for the reason that it shows that the resolution, ordinance, and contract therein mentioned were to construct a sewer and house connections. The propositions discussed by appellant's counsel and relied on for reversal are each advanced upon the theory that the common council of the city of Muncie had no power or authority under the law to order the construction of the sewer in controversy with the connections in question. In fact it may be said that counsel's contentions are entirely upon the theory or assumption that the connections to the sewer are separate and independent of the principal improvement, and are not appurtenant thereto; that they constitute a private improvement over which, it is insisted, the council, under the law, had no jurisdiction, and therefore the resolution, ordinance, contract, and assessment,

made in pursuance thereof, are all illegal and void, and open to the collateral attack interposed by the answer.

We do not regard appellant's contentions as well taken, or, in other words, we are satisfied that under the facts and the law applicable thereto they are wholly untenable. It is evident from the steps shown to have been taken by the common council in the construction of the improvement in controversy, that it proceeded under what is known as the Barrett law, enacted in 1889 (Acts 1889, p. 237, §4288 *et seq.* Burns 1901). Under the provisions of this law the common council was expressly empowered to order and cause the construction of sewers, and to assess the cost thereof against the lots or parts of real estate benefited thereby. §§4288-4289, 4290, 4292, 4294 Burns 1901.

It has been settled by the decisions of this court that in actions like the case at bar, to enforce a collection of assessments for public improvements, the property owner will not be permitted to contest or assail such assessments unless it appears that the proceedings under which the improvement was made were void for want of jurisdiction.

In the case of *City of Indianapolis* v. *Holt* (1900), 155 Ind. 222, the right to contest the assessment was expressly authorized by the statute under which the city was controlled; hence, under the circumstances, that case is not applicable to the question arising in the case at bar.

The general rule denying the right of a property owner in an action like this to attack the assessment or contest the enforcement thereof, is based on the fact that such a contest is collateral. The fact that the proceedings may have been erroneous or irregular will not render them open to a collateral assault, unless the defects or irregularities are of such a character as to affect the jurisdiction of the council or other body in ordering the particular improvement. *Studabaker* v. *Studabaker* (1899), 152 Ind. 89, and cases there cited; *City of Elkhart* v. *Wickwire*

(1889), 121 Ind. 331; *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407; *DePuy* v. *City of Wabash* (1892), 133 Ind. 336; *Hibben* v. *Smith* (1902), 158 Ind. 206.

Appellant, by the provisions of §4294, *supra,* if aggrieved by his assessment, was entitled to a hearing before the committee and the common council, and the latter was authorized to alter or modify the assessment made against his property. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484. Whether he appeared before the common council and was accorded a hearing, or not, is, however, immaterial, for it is shown that the council adopted, approved, and confirmed the assessment in controversy, and, so long as it kept within the limits of its jurisdiction under the law, its decision or judgment in the matter, either right or wrong, in the absence of fraud, is conclusive and binding upon him and all other persons concerned, until set aside or annulled in some direct proceeding upon grounds recognized by the law as sufficient for that purpose. *Hibben* v. *Smith, supra.* But counsel for appellant contends that the doctrine of collateral attack can not be regarded in this case, for the reason that the council has undertaken to construct two improvements, one public and the other private. It is asserted that, so far as house connections were concerned, the common council had no jurisdiction, and therefore its proceedings leading up to the construction of the sewer and the making and confirmation of the assessments are absolutely void. But counsel, in his assertion that two distinct and separate improvements were ordered and constructed by the council, is manifestly mistaken, and is not sustained by the facts in the case. The resolution adopted by the common council declared a necessity for the construction of a twelve-inch sewer, "with subsoil drain-pipes four inches in diameter, and with the necessary house connections and other appurtenances." The ordinance whereby the construction of the sewer was ordered pro-

vided that it should be made according to the plans and specifications on file in the office of the city civil engineer, including the proper and necessary subsoil drains, manholes, lampholes, flushing tanks, specials, catch-basins, and house connections, and that the cost of the improvement should be assessed against and collected from the lands and lots benefited thereby.

The statute, it will be observed, expressly empowers the common council to construct or cause sewers to be constructed. It is true that the statute does not in express language declare that the sewers authorized thereby shall be constructed in any particular manner or with any particular connections. The rule, however, is elementary that the grant of a principal power carries with it by implication all other powers necessary to carry out the principal power conferred, and thereby make effectual and complete whatever is authorized to be done by the principal or general authority granted. *Conn* v. *Board, etc.* (1898), 151 Ind. 517; *Studabaker* v. *Studabaker, supra*. Tested by this rule, the common council, under the general power conferred by the statute to make the improvement in question, was invested with authority within its discretion to cause it to be constructed with any and all appurtenances essential to its usefulness or completion as a whole, or, in other words, all which necessarily conduced to and rendered it serviceable, beneficial, and lasting for the purpose for which it was constructed. *Kirkland* v. *Board, etc.* (1895), 142 Ind. 123; *Murphy* v. *City of Peoria* (1887), 119 Ill. 509, 9 N. E. 895; *Palmer* v. *City of Danville* (1894), 154 Ill. 156, 38 N. E. 1067; Elliott, Roads and Sts. (2d ed.), §§461, 505, 563, 580; *Coburn* v. *Bossert* (1895), 13 Ind. App. 359. Whatever was necessary to make the sewer complete and useful for the purpose for which it was intended was a matter to be determined by the council.

The sewer in question as ordered to be constructed must be considered as a unit or as an entirety, and while it may

embrace as parts thereof necessary appurtenances such as manholes, subsoil drains, flushing tanks, outlets, connections, and service-pipes, etc., in order to make it beneficial and useful to the public in general, and also beneficial and useful to the property owners who were assessed for the cost of its construction, nevertheless all such parts or appurtenances thereof united to constitute but a single public improvement. The property owners along the line of the sewer and the vicinity thereof whose property was benefited were, as we may assume, assessed for its construction, the special benefits inuring to the property by reason of the improvement. Certainly, under the circumstances, they acquired the right to use the sewer for all legitimate or proper purposes, under such reasonable restrictions as might be imposed by the municipal authorities. Elliott, Roads and Sts. (2d ed.), §471; *City of Ft. Wayne* v. *Coombs* (1886), 107 Ind. 75, 57 Am. Rep. 82.

The sewer, as it appears, was not only intended for the use of the city or public in general, but also for the use of property owners along its line or vicinity whose property was specially benefited thereby. The ordinance, in fact, provided that the cost of its construction should be assessed against the lots and lands benefited thereby. The very right to assess property for a public improvement like this is based upon the theory that special benefits will, incidentally, at least, inure to the owners thereof. *Zigler* v. *Menges* (1889), 121 Ind. 99, 16 Am. St. 357; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455; Elliott, Roads and Sts. (2d ed.), §22; 10 Am. and Eng. Ency. Law (2d ed.), · 225.

Evidently, under the circumstances, in planning the sewer, it became necessary to make provisions for tapping it, so as to enable property owners assessed to use it as was intended. The common council was therefore necessarily confronted with the question as to the best method to be

adopted for such purpose. Possibly the council may have had under consideration the plan of constructing such taps by means of pipes in the shape of a Y, to be placed and fitted into the sewer at certain intervals, which appears to be the method commonly adopted. It is manifest that to provide for tapping the sewer after its completion by this method would, as argued by appellee, necessarily result from time to time in disturbing the street by digging trenches therein, etc.

The question as to the method to be adopted for connecting the sewer with the premises of property owners was a matter largely within the discretion of the common council, and when such discretion is properly exercised it is not open to judicial review. *Coburn* v. *Bossert, supra;* Elliott, Roads and Sts. (2d ed.), §580; *Palmer* v. *City of Danville, supra.* The council, it seems, decided that the necessary connections of the sewer for the use of property owners should be provided by means of the pipes as specified. These pipes, as shown, were to be laid wholly within the limits of the street, and were to extend from the sewer to a point twelve inches beyond the curb line. Under the rule heretofore stated, the particular method which should be adopted for the construction of the connections was a matter within the sound discretion of the council, and its decision in the premises is not open to judicial review. The connections in question, as disclosed, were a necessary part of the sewer, and conduced to make it useful and available. Being constructed with the connections as a part thereof or appurtenant thereto did not in any manner serve to render the sewer a private, instead of a public improvement, as designed by the law.

We conclude that there is nothing disclosing that the common council was not authorized under the law to order and construct the sewer, with the connections in question as parts thereof. Therefore, appellant's contention that the

proceedings of the council were illegal and void is not sustained. The six-year statute of limitations set up in the answer did not constitute a bar to this action.

It follows that the rulings of the court of which appellant complains present no available error, for the reasons herein stated. Judgment affirmed.