Argued January 28, decided February 9, 1909.

## BECKETT v. CITY OF PORTLAND.

[99 Pac. 659.]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS FOR BENEFITS—COLLATERAL ATTACK.

1. Under Portland City Charter, § § 389, 390, authorizing the council to establish sewer districts and assess the cost of constructing sewers on property therein according to benefits, and making its action final and conclusive, the action of the council in establishing a sewer district and determining the question of benefits and making the assessment is conclusive on the courts in a collateral attack, unless the action of the council is a fraud on its face.

MUNICIPAL  CORPORATIONS—PUBLIC  IMPROVEMENTS—ASSESSMENTS  FOR
    SEWERS—LOCATION OF PROPERTY LIABLE.
    2.  Where a municipality is authorized to establish assessment districts
and assess the cost of constructing sewers on the property therein according
to benefits, property benefited by the improvement is liable to assessment,
though it is nonabutting property and no laterals have been laid to it.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

On September 6, 1905, the common council of the City of Portland adopted an ordinance for the construction of a sewer from the foot of Hancock street to the intersection of Fourteenth and Failing streets, and provided that the cost thereof should be assessed upon the property specially and peculiarly benefited thereby, which was declared to be all lots, parts of lots, and parcels of land lying within a certain district, the boundaries described and established by the ordinance. The sewer was constructed accordingly, and on April 24, 1907, the council duly passed an ordinance assessing the cost thereof on the property within the sewer district, according to the benefits, and the same was duly entered in the docket of city liens and notice thereof given to the property owners.

The plaintiffs thereafter commenced this suit to enjoin the city and its officers from enforcing the assessment against their property, on the ground that it is not benefited by the sewer. In their complaint they allege: That their property is situated in the northeasterly corner of the sewer district, and north of a natural watershed, which divides the drainage of the Willamette and Columbia rivers; that it is about the same distance from their property to the head of the sewer, referred to, as it is to the foot of the Columbia River slope; that it will be necessary to make cuts or tunnels from 15 to 30 feet below the surface of the ground, through the watershed mentioned, in order to connect their property with the sewer, while if the property is drained north no extra cuts or tunneling will be necessary, and the expense to plaintiffs will be much less than draining into

the sewer, and therefore their property cannot be benefited by the construction of the sewer in any practicable, reasonable, economical, or satisfactory manner.

A demurrer to the complaint was sustained, the suit dismissed, and plaintiffs appeal.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Henry F. Joslin.*

For respondent there was a brief over the names of *Mr. John P. Kavanaugh, Mr. John J. Fitzgerald* and *Mr. Frank S. Grant,* with an oral argument by *Mr. Grant.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. No question is made as to the regularity of the proceedings of the municipality in establishing the sewer and making the assessment therefor. The plaintiffs object to the validity of the assessment against their property, because (1) it is so situated it cannot be benefited by the sewer, and (2) that it is nonabutting property and no laterals have been laid to it. By the charter of the City of Portland, the council is authorized and empowered, whenever it may deem that the public health, interest, or convenience may require, to order to be constructed and laid all sewers and drains, to levy and collect an assessment upon all lots and parcels of land specially benefited by such sewers, to defray the whole or any part of the cost and expense thereof, to determine the boundaries of the district benefited and to be assessed for such purpose, what lands are specially benefited thereby and the amount to which each lot or parcel of land is benefited, and its action in creating such assessment district is made final and conclusive. Sections 389 and 390. Under such a charter the action of the council in establishing a sewer district, finding that the property situate therein will be specially benefited by the construction of the sewer, and ascertaining and determining the amount of such benefit and making an assessment therefor, is conclusive on the courts in a collateral

attack, unless the act of the municipal body is so unreasonable, oppressive, and subversive of the rights of the citizen as to indicate an abuse, rather than a legitimate exercise, of the power. Hamilton, Special Assess. 440; Gray, Limitations Tax. Power, §§ 418, 1888; 1 Abbott, Municipal Corp., p. 802; 25 Am. & Eng. Enc. Law (2 ed.) 1226; *Paulson* v. *City of Portland,* 16 Or. 450 (19 Pac. 450: 1 L. R. A. 673) ; *Masters* v. *City of Portland,* 24 Or. 161 (33 Pac. 540) ; *People* v. *City of Brooklyn,* 23 Barb. (N. Y.) 166; *Heman* v. *Schulte,* 166 Mo. 409 (66 S. W. 163) ; *Boyce* v. *Tuhey,* 163 Ind. 202 (70 N. E. 531). If the topography of the ground is such that the property within a sewer assessment district can never receive any special benefit from the sewer, it, of course, cannot be specially assessed or taxed for the construction thereof, and a finding of a municipal council that it is benefited would be a fraud upon its fact. *Hanscom* v. *City of Omaha,* 11 Neb. 37, 43 (7 N. W. 739). But unless it does clearly so appear, the action of the council in including the property within the district and assessing it for the construction of the same, is conclusive. Now in this case there is no contention that the property of plaintiffs cannot be drained into the Irvington sewer, but it is alleged that it will cost much more to do so than to drain it in some other direction. But that was a question of expediency for the council, and which, under the charter, they were authorized to determine, and their decision is final and conclusive on the courts, in absence of fraud.

2. The point is also made that, because plaintiffs' property does not abut upon the proposed sewer, it cannot be assessed for any part of the cost thereof, until laterals are laid to it. *State* (Kellog, Pros.) v. *Elizabeth,* 40 N. J. Law, 274, is cited in support of this position. That was a review of proceedings for the construction of a sewer in the city of Elizabeth, and seems to have been tried on testimony from which it appeared that the

assessment on plaintiff's property was made as though the sewer system throughout the entire district had been completed and was in operation. The court held that such an assessment was illegal and void, and that property lying on the line of intended laterals could not be assessed for any part of the main or trunk sewer until the laterals were built. The case, however, does not disclose the legislative authority under which the city proceeded in laying the sewer or making the assessment, or that it had power to establish sewer districts, and assess the cost of constructing a sewer therein upon property specially benefited, and therefore cannot be regarded as controlling under a charter like that of the City of Portland. The general rule is that, where a municipality has authority to establish assessment districts and assess the cost of constructing sewers on property therein, it is not essential to the validity of an assessment that the property shall abut upon the street or place where the sewer is laid. The question of benefits is one of fact, and, if it be determined by the proper tribunal that the property is specially benefited by the construction of the sewer, an assessment is proper to the extent of such benefit, whether the property is abutting or contiguous to the improvement or not. 1 Gray, Limit. Tax. Power, § 1889; 1 Abbott, Municipal Corp., § 342; *Title Trust Co.* v. *City of Chicago,* 162 Ill. 505 (44 N. E. 832) ; *Mason* v. *City of Chicago,* 178 Ill. 499 (53 N. E. 354).

The city charter vested in the council power to determine whether, by the construction of the sewer, plaintiffs' property was benefited and the amount of such benefit, and its determination is conclusive as against collateral attack.

It follows that there is no error in the decree of the court below, and it must be affirmed.    AFFIRMED.