Argued January 12, affirmed February 16, 1955

# RAZ ET UX. *v.* CITY OF PORTLAND ET AL.

280 P. 2d 394

*Arthur H. Lewis,* Portland, argued the cause for appellants. With him on the brief were Arthur C. Bull and Henry Bauer, Portland.

*Marian C. Rushing,* Chief Deputy City Attorney, Portland, argued the cause for respondents. With her on the brief were Alexander G. Brown, City Attorney and Folger Johnson, Jr., Deputy City Attorney, Portland.

LATOURETTE, J.

This is a suit for a declaratory judgment. Plaintiffs, the owners of approximately 100 acres, situate within a proposed sewer system, by their complaint challenge the validity of an ordinance of the City of Portland entitled, ''An ordinance providing for the time and manner of constructing a system of sewers to be known as the S. W. Multnomah Boulevard Storm and Sanitary Trunk Sewer System.'' The trial court dismissed the complaint and plaintiffs appeal.

Plaintiffs' position is stated in their brief as follows:

''The precise question raised by this appeal is whether the said action of the Council of the City

of Portland in including the said California trunk area in the said sewer district is within the discretion of the Council or whether it is palpably arbitrary, capricious and confiscatory and in violation of the guaranties of the 14th Amendment of the Constitution of the United States.''

On March 26, 1952, the Council, acting under § 5-315 of the Public Works Code, passed a resolution, number 25397, wherein the Council deemed it necessary to construct the sewer system now in question and directed the City Engineer to prepare plans and estimates therefor.

At that time a tract of land styled the California area, including the property of plaintiffs, bounded on the west by Capitol highway, on the north by Vermont street, on the east by Capitol Hill road and on the south by a zigzag line noted on the map hereinafter set out, was not within the corporate limits of Portland. However, before the city engineer submitted his plans and specifications for the construction of said sewer system, this property was made a part of the city of Portland. Thereafter the engineer submitted plans and specifications and estimates of the work to be done and the probable cost thereof. The California area was included in the plans.

After plans and estimates of the cost of the project were submitted by the city engineer, the Council, on July 8, 1953, passed a resolution adopting the same and declaring its intention to construct the sewer system in accordance with such plans, and on or about July 10 the auditor of the city of Portland, pursuant to the estimates of the cost of the project by the engineer, made and entered tentative assessments against the various parcels of property, including plaintiffs', in said proposed district, sent out notices to the prop-

erty owners of the proposed assessment against each parcel of property and notified the property owners that remonstrances might be filed in writing with the city auditor to be heard at 9:30 a. m. on August 5, 1953. Plaintiffs and others filed remonstrances which were overruled by the Council, and, on September 23, 1953, it passed an ordinance providing for the construction of the sewer system.

The natural drainage of the California area is in Stephens creek to the east and thence into the Willamette river, while that of the balance of the district drains westerly into the Tualatin river. Separating the two districts is a high ridge or ridges, making it impracticable to connect the two districts with sewer or drainage facilities. It is claimed that because of this topographical separation the California area would not be benefited by the drainage and sewers in the other area. (see page 289 for diagram)

■ Authority is vested in the Council under the charter of the city of Portland to determine when and where its sewer system shall be established. The determination of a territorial district to be taxed for a local sewer improvement is within the province of the legislative discretion in the exercise of the police power of the city.

In the case of *Paulsen v. City of Portland*, 149 US 30, 37 L ed 637, 13 S Ct 750, the Supreme Court, in reviewing our decision with reference to the construction of a sewer in Portland, said:

> "A sewer is constructed in the exercise of the police power for the health and cleanliness of the city and the police power is exercised solely at the legislative will. So also the determination of a territorial district to be taxed for a local improvement is within the province of the legislative discretion."

SANITARY SEWERS

S.W. MULTNOMAH BLVD. STORM 8 SANITARY TRUNK SEWER SYSTEM

LEGEND

MULTNOMAH SEWERS (PROPOSED)
EXISTING SEWERS
PRESSURE LINES
PUMP STATIONS
ASSESSMENT DISTRICT BOUNDARY
RAZ PROPERTY

SCALE

See *Pioneer Real Estate Co. v. City of Portland,* 119 Or 1, 9, 247 P 319.

■ It is a well-recognized rule that no judicial question is presented in a case of this character unless it is obvious that no benefit can exist to the property owner, and this absence of benefit is so clear as to admit of no dispute or controversy by evidence. See *Wagoner v. City of La Grande,* 89 Or 192, 173 P 305.

■ It will be noted from the map that the proposed sewers along south California street, southwest 17th drive and the northerly portion of the southwest Capitol Hill road, within the California area, are all adjacent to plaintiffs' property. Other evidence in the record discloses that drainage culverts are proposed to run under the above sewers to carry waters into Stephens Creek. It is therefore clear that plaintiffs' property will benefit to some extent by the construction of the proposed system.

The fact that the California area sewers will empty into the Bertha sewer which is now in existence and the sewers in the other area will empty into the Multnomah boulevard trunk sewer is of no consequence since the Multnomah boulevard sewer will, when constructed, empty into the Burlingame sewer which now serves the Bertha sewer. It is not necessary that each and every portion of the sewer must benefit the property of the complaining party, the only qualification being that the assessment against the property shall not exceed its benefits. § 5-331 of Ordinance 76971, Portland Public Works Code. See *Austin v. Tillamook City,* 121 Or 385, 395, 254 P 819.

In *Beckett v. City of Portland,* 53 Or 169, 173, 99 P 659, we said:

"* * * The general rule is that, where a municipality has authority to establish assessment dis-

tricts and assess the cost of constructing sewers on property therein, it is not essential to the validity of an assessment that the property shall abut upon the street or place where the sewer is laid. The question of benefits is one of fact, and, if it be determined by the proper tribunal that the property is specially benefited by the construction of the sewer, an assessment is proper to the extent of such benefit, whether the property is abutting or contiguous to the improvement or not.  *  *  *''

We therefore hold that plaintiffs' property was properly included within the proposed sewer system.

It is argued that § 5-315 of the Public Works Code of Portland, which authorizes the Council to "construct or relay any sewer," plainly contemplates that each sewer shall be separately planned and authorized. Plaintiffs overlook § 5-314 of the Portland Code which permits the construction of "all sewers and drains." See *Pioneer Real Estate Co. v. City of Portland*, supra.

Another objection to the proposed construction of the sewer system is the claim that the California trunk area will be required to pay a substantial part of the cost of the sewer system in the Multnomah boulevard trunk area. It is argued that the California trunk area will receive sewer lines costing about $45,000 but will be required to pay about $125,000, or about $80,000 toward the cost of the Multnomah boulevard system.

The basis for the above claim is predicated upon an estimate and apportionment of cost against the various properties of the district which the auditor apparently made prior to the adoption of the ordinance authorizing the construction of the sewer system.

■ Section 5-330 of the Portland Public Works Code is in part as follows:

"Whenever any street improvement, or the construction, reconstruction, or repair of any sewer,

any part of the cost of which is to be assessed upon the property benefited thereby, is completed in whole, or in such part that the cost of the whole can be determined, the city engineer shall certify to the auditor the accuracy of the original estimate of the work to be done, or if, in progress of the work it has been found necessary to make any alteration in said estimated work for any cause whatsoever, the city engineer shall file a corrected estimate in detail of such work, and the auditor shall apportion the cost thereof  *  *  *  upon the lots, parts of lots, and parcels of land benefited thereby and within the assessment district.  *  *  *''

Said section further provides that after such assessments are made and notices given, the property owners may object to the same. Section 5-331 of the code provides for the hearing of objections and the final adjudication of the matter.

Since no contract has as yet been let for the construction of the sewer system it is obvious that the preliminary estimate made by the auditor against the various properties in the district was premature and of no legal consequence. When and if the construction proceeds, or is concluded, it will then become the duty of the auditor to determine the cost of the project and to make the assessments against the various properties. At that time plaintiffs will have an opportunity to object to the same and have the matter resolved by the Council. If in fact the assessment against plaintiffs' property should exceed its benefits, plaintiffs will then be in a position to raise the constitutional question now urged.

However, the city, both in the trial court and here, argues at length that it has the authority to charge a part of the cost of the improvement in the Multnomah area to the California area in excess of the cost of the

California area improvement. If such is attempted a grave question might arise on account of the present physical separation of the areas.

Affirmed without prejudice to challenge the legality of any assessment that may be levied against plaintiffs' property arising out of the construction of the proposed sewer system.

Each side to bear its own costs.