Argued February 16, affirmed March 29, 1961

## RAZ ET AL *v.* CITY OF PORTLAND ET AL

360 P. 2d 549

*Henry L. Bauer,* Portland, argued the cause for appellants. On the briefs were Bauer & Bauer and Arthur H. Lewis, Portland.

*Marian C. Rushing,* Chief Deputy City Attorney, Portland, argued the cause for respondents. With her

on the brief were Alexander G. Brown, City Attorney, Portland, and Oliver I. Norville, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

O'CONNELL, J.

This is a suit in which plaintiffs seek a judicial declaration that assessments against their properties for sewer improvements are unconstitutional and void. Plaintiffs' claim is that the assessments against their properties are arbitrary and unreasonable and as such deny them due process of law under the Fourteenth Amendment to the U. S. Constitution. Plaintiffs also pray for a re-assessment of the charge against their properties for these improvements. The trial court held that the assessment was valid and entered a decree in favor of defendants. Plaintiffs appeal from that decree.

This same assessment was contested in a previous case which came to this court on appeal in the case of *Raz et ux v. City of Portland et al*, 203 Or 285, 280 P2d 394 (1955). Most of the facts essential to an understanding of the present appeal are set out in that case. In brief, plaintiffs contend that the area in which their properties are situated, known as the California Area, is separated geographically from the Multnomah Trunk Sewer District, although made a part of it. Consequently, plaintiffs contend, the assessment against the property in the California Area should be based solely upon the cost of the sewer improvements constructed in that area, without any charge for any part of the cost of construction in the Multnomah Trunk Sewer area.

In the first Raz case this court held that the

council of the city of Portland acted within its powers in including the California Area in the Multnomah Sewer District. But we expressed this reservation: "However, the city, both in the trial court and here, argues at length that it has the authority to charge a part of the cost of the improvement in the Multnomah area to the California area in excess of the cost of the California area improvement. If such is attempted a grave question might arise on account of the present physical separation of the areas." 203 Or at 292-293.

At the time the first Raz case was before this court the contract for the construction of the sewer system in the Multnomah Sewer District had not been let and the proposed assessments were merely estimates made by the city auditor. The sewer system has now been constructed and the assessments against the property in the district, including the property in the California Area, have been made. Plaintiffs contest the imposition of the assessment against their property on the ground that it includes costs incurred in the construction of sewers in that part of the Multnomah Sewer District outside of the California Area.

In terms of legal theory, plaintiffs' position is that a special assessment is not valid unless the property assessed receives a special benefit and that their properties receive no special benefit from the general system of sanitary sewers constructed in the Multnomah Trunk Sewer District outside of the California Area. Plaintiffs concede that the sewer system in the California Area is connected with the sewer system in the adjacent part of the Multnomah Sewer District, but it is contended that the connection in no way benefits the property in the California Area. In support of this contention it is pointed out that in order to make the connection it was necessary to

carry the California Area sewage outside of the Mult-
nomah Sewer District and then back into that district
through an area which was regraded in order to
obtain a flow of the sewage in the proper direction.
Essentially, plaintiffs' argument is that because a
high ridge separates the California Area and the rest
of the district, the California Area is a natural unit
within itself in no way related to the other parts
of the district. The case of *Beckett v. City of Port-
land,* 53 Or 169, 172, 99 P 659 (1909) is relied upon
by plaintiffs in support of this conclusion. There it
was said:

> "* * * If the topography of the ground is
> such that the property within a sewer assessment
> district can never receive any special benefit from
> the sewer, it, of course, cannot be specially as-
> sessed or taxed for the construction thereof, and a
> finding of a municipal council that it is benefited
> would be a fraud upon its face."

The question, however, is whether in the particular
case the topography is such that the property as-
sessed "can never receive any special benefit from the
sewer."

The first Raz case establishes as the law of the
case that the California Area was validly made a part
of the Multnomah Sewer District. To this extent,
then, the plaintiffs' argument of separateness is fore-
closed. The remaining question is: Can it be said,
although the California Area is an integral part of
the Multnomah Sewer District for the purposes of a
sewer assessment, that the defendant city must still
draw a topographical line between the two areas in
allocating the costs of constructing the sewer in the
district? The only basis for such a segregation would
be that, despite the existence of a connection between

the sewer systems in the two areas (and the consequent use by the California Area of the sewer system in the other part of the district), there is no need for the connection and, therefore, the use or benefit derived by the California Area users from it is simply the consequence of an arbitrary choice made by the defendants in establishing this part of the city's sewer system.

In support of this contention plaintiffs rely heavily upon the fact that prior to the connection with the Multnomah Trunk the California Area was adequately served by another trunk sewer known as the Sunset-Dosch trunk sewer. The discontinuance of the latter trunk and the establishment of the present connection is described as a fraud upon plaintiffs. Through the testimony of an expert witness plaintiffs purported to show that the use of the former trunk outlet would have served adequately the needs of the California Area. On the other hand, the defendants' expert witnesses testified that because of increased use the Sunset-Dosch system was not adequate to serve the demands of the California Area.

It is not necessary for us to set out the scientific explanation given by these witnesses to support their conclusion and the city's final action in joining the two areas into a single system. At this point we wish to make it clear that it is not the function of the judiciary to substitute its judgment for that of the city engineers on matters requiring the exercise of engineering competence and judgment. On this point we believe that the able trial court opinion by Judge Paul Harris aptly sums up the matter as follows: "The Court does not possess the qualifications nor can it act as a super engineer, and even though it might appear to the Court that it would have been

fairer to set up the California Area as a separate district * * * [t]hese are questions for the discretion of the City Officials subject to very narrow limitations."

■ The city council's determination that the improvements made in the district were for the benefit of the property assessed and in the amount of the assessment is conclusive upon the courts unless it can be said that the city's action is arbitrary, or, as was said in *Northern Pacific Terminal Co. v. City of Portland,* 80 F2d 738, 741-742 (9th Cir 1935), unless the city's finding that the assessed land is benefited is "palpably arbitrary and a plain abuse." *Raz et ux v. City of Portland et al,* 203 Or 285, 290, 280 P2d 394 (1955); *Giles v. Roseburg,* 96 Or 453, 464, 189 P 401, 189 P 1119 (1920); *Wagoner v. City of La Grande,* 89 Or 192, 201-202, 173 P 305 (1918), dismissed 249 US 622, 39 S Ct 386, 63 L Ed 806; *Rogers v. City of Salem,* 61 Or 321, 339-340, 122 P 308 (1912); *Hughes v. City of Portland,* 53 Or 370, 394, 100 P 942 (1909); *Beckett v. City of Portland,* 53 Or 169, 99 P 659 (1909); *Paulson v. City of Portland,* 16 Or 450, 459-460, 19 P 450, 1 LRA 673 (1888), affirmed 149 US 30, 13 S Ct 750, 37 L Ed 637.

■■ We cannot say that the defendants acted arbitrarily in deciding that the plaintiffs' properties were benefited to the extent of the assessment laid upon them. The defendant city did apportion the cost to the various properties upon the basis of the value of the service to each particular lot, making allowance for factors decreasing the utility of the service in specific cases. Except for these allowances each lot in the sewer district was regarded as being benefited equally. Each lot was benefited by the fact that it was connected with a sewer system which was essen-

tial to dispose of the district's sewage. It is not necessary to refine the concept of benefit so as to make it serve equally each of the lots in the area. It is well established that the city may use an area basis in making an assessment. As was said in *Houck v. Little River District,* 239 US 254, 265, 36 S Ct 58, 60 L Ed 266, 275 (1915):

"* * * When local improvements may be deemed to result in special benefits, a further classification may be made and special assessments imposed accordingly, but even in such case there is no requirement of the Federal Constitution that for every payment there must be an equal benefit. The State in its discretion may lay such assessments in proportion to position, frontage, area, market value, or to benefits estimated by commissioners [citing cases]."

The area basis of apportioning special benefits was also recognized in *Rogers v. City of Salem,* 61 Or 321, 339, 122 P 308 (1912).

Plaintiffs attempted to show that this property was brought into the Multnomah district and subjected to the district assessment as a part of a scheme worked out by the city attorney and the city engineer of the defendant city. The evidence does not support the charge.

The decree of the trial court is affirmed.