Argued January 7, reversed March 11, 1970

GILBERT ET AL, *Respondents, v.* CITY OF
EUGENE, *Appellant.*

465 P. 2d 880

*Herman P. Hendershott,* Eugene, argued the cause for appellant. With him on the briefs was Douglas G. Combs, Eugene.

*Henry J. Camarot,* Springfield, argued the cause and filed a brief for respondent.

SLOAN, J.

This is a proceeding to set aside certain special sewer assessments levied by defendant against properties owned by plaintiffs. The trial court did void the challenged assessments. Defendant, city of Eugene, appeals.

Part of the property involved is owned by plaintiff Gilbert as an individual. The other property is owned by plaintiff K. D. Gilbert, a corporation. The issues presented are the same as to the property of each plaintiff and will be treated here as a single tract. The property is situated between Fairfield Avenue and U.S. Highway 99 in Eugene. It is now partially developed as a shopping center. Much of the property immediately in issue is undeveloped and used to some extent for parking. The property is part of a larger area which had been recently annexed to the city of Eugene. The entire annexed area was included in a sewer project.

One sewer line, in the project, extended along Fairfield Avenue. As indicated, one boundary line of plaintiffs' boundary abutted on Fairfield. Plaintiffs were assessed for the sewer line along that street and had no objection to that assessment. However, as a part of the project, defendant City asked plaintiffs for an easement across a part of plaintiffs' property; the easement to extend from Fairfield Avenue to Highway 99W. Plaintiffs granted the easement to the City and the City built a sewer line in the easement. The City then assessed plaintiffs' property adjoining the easement for the cost of the sewer. It is the assessments levied against this property that are involved in this proceeding.

A major premise advanced by plaintiffs results from the provision of the City charter relating to sewer assessments. One section of the charter provides that sewer assessments shall be governed by the section of the charter governing street assessments. The latter section provides that the property to be assessed for a street improvement is limited to

property within 160 feet of the street. Plaintiffs contend that the same requirement governs sewer assessments and that only property abutting on a street can be assessed. Plaintiffs say that an easement is not a street and, therefore, the property abutting the easement cannot be assessed.

■ Plaintiffs' argument entails a very restricted and untenable interpretation of the language and obvious intent of the charter. We interpret the charter to mean that the property to be assessed for a sewer line is that which is within 160 feet of the sewer line. Plaintiffs' interpretation of the charter would produce a result that could not have been intended by the framers of the charter.

■ A second argument is that the sewer line along Fairfield Avenue provided plaintiffs with all of the sewer requirements it could possibly use, now or in the future, and that it could not receive any benefit from the sewer line in the easement. A considerable number of cases, and other authority, are cited which consider the problem of the determination of benefits and of the legislative versus the judicial function in that difficult area of the law. In the recent case of *Stanley v. City of Salem*, 1967, 247 Or 60, 427 P2d 406, we summarized the law of Oregon as it had been decided in the earlier cases. We held that the city council's determination that property has been benefited by an improvement and the amount of the benefit is conclusive unless the court can say that the city council's action was palpably arbitrary and abusive. We said that the burden of persuading the court is a heavy one. The rules stated in the *Stanley* case are precise and clear. The lack of evidence in respect to the amount of benefit discussed in the *Stanley* case is particularly appropriate here. We are con-

fronted with the same lack of evidence mentioned in that case.

■ We conclude in this case that there was evidence of some benefit and that there was no evidence to overcome "the weighty presumption that the action of the city council in fixing the assessment district and apportioning the costs within such district is correct." *Stanley v. City of Salem, supra,* 247 Or 67.

■ Another objection is that the ordinance initiating the sewer project did not conform to the requirements of § 96 of the city charter. That section reads:

> "The Common Council shall have power, and is hereby authorized, to construct or repair and lay down all necessary sewers and drains of a character and capacity sufficient to provide a complete system of sewerage, and to declare by ordinance before doing the same whether the cost thereof or any part of such cost, and if so what part, shall be assessed against the property directly benefited by such drains or sewers; and what part shall be paid out of the sewer fund, hereinafter provided for, and the determination of the Council concerning the payment for any sewer or drain shall be final."

Plaintiffs argue that this requires the City to specifically fix the amount of the assessments that will be made against the benefited property in the initial ordinance mentioned in the quoted section. We do not read the section as requiring that degree of specificity in the ordinance mentioned. The ordinance actually passed by the City specified that the cost of the construction of the sewer would be assessed against the property benefited. This, we believe, met the requirement of the charter. At the time the ordinance was passed, any attempt to determine the ultimate cost

of the project and to arrive at individual assessments could only be a rough guess at the most. The charter could not intend that the extent of benefits and of the ultimate assessments were to be made at the initiatory stage of every sewer project.

There is no claim that plaintiffs did not otherwise receive notice of the amount of the assessments, when that determination was made, nor that they were deprived of an opportunity to protest.

■ There was some argument that the act of the City in accepting the easement from plaintiffs, without cost to the City, and then assessing plaintiffs for the cost of the sewer was unfair and inequitable. However, this phase of the problem is beyond judicial review. *Boyle v. City of Bend,* 1963, 234 Or 91, 380 P2d 625.

It follows that the judgment must be reversed and the assessments be reinstated.

McALLISTER and TONGUE, JJ., concur in the result.