Argued February 20, reversed April 7, reconsideration denied
May 7, petition for review allowed July 15, 1975

# WESTERN AMUSEMENT COMPANY, INC.,
*Respondent, v.* CITY OF SPRINGFIELD
(No. 73 3023), *Appellant.*

533 P2d 825

*Edward C. Harms, Jr.,* Springfield, argued the cause for appellant. With him on the briefs were Harms & Harold, Springfield.

*Laurence E. Thorp,* Springfield, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

On July 26, 1973, Western Amusement Company, Inc. (Western) brought a writ of review pro-

ceeding[1] against the City of Springfield (City) seeking to reverse and annul the action of the City in assessing Western with a proportionate share of the cost of improving a street abutting Western's property. The circuit court sustained Western's objections and declared the assessment null and void.

The City appeals contending that the circuit court erred (1) in finding that Western received no benefit from the improved street and (2) in concluding that Western was denied due process and equal protection of the laws in that the Springfield City Council unconstitutionally assessed it for costs of construction of the street.

The essential facts are as follows:

Western owns a large parcel of land which is presently being used as a drive-in theatre. Main Street (known as the McKenzie Highway) abuts the parcel of land on the north and is the only access to the property from a through street. South 49th Place abuts Western's property along 858.76 feet of its east side. South 49th Place does not create a direct access to Western's property to a through street, but requires a route over several side streets which ultimately connect with Main Street. On the east side of South 49th Place there is a large parcel of land that is being developed into a subdivision. When the owners of the subdivision sought permission to subdivide, the City, pursuant to its subdivision ordi-

---

[1] This proceeding was brought under ORS 34.040 prior to amendment by Oregon Laws 1973, ch 561, § 1, p 1262. It provided:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously or arbitrarily, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

nance required the subdivision owners to enter into a performance agreement② providing that all improvements would be completed in accordance with city standards and specifications.

In March 1973 several residents in the new subdivision whose property abutted South 49th Place filed a petition with the City requesting full improvement of South 49th Place pursuant to the usual city improvement procedures. On April 2, 1973, the city council initiated full improvement of the street in accordance with § 2-1-2 through § 2-2-9 of the City Code (1965), which provide for the construction of public improvements to be assessed to the benefited owners. Thereafter, bids were called and the contract was awarded and executed. At this juncture Western instituted the present writ of review proceeding.

As its first assignment of error the City contends that the trial court erred in its finding of fact that there was no benefit to Western's property resulting from the improvement of South 49th Place.

■ We begin our discussion by noting that the scope of judicial review in assessment cases is limited. The rule is well established in Oregon that the method of assessment fixed by a city council is presumptively correct. *Gilbert v. City of Eugene,* 255 Or 289, 465 P2d 880 (1970); *Stanley v. City of Salem,* 247 Or 60, 427 P2d 406 (1967); *King v. Portland,* 38 Or 402, 63 P 2 (1900).

---

② Section 10-4-4(3)(d) of the subdivision ordinance requires that

"* * * the city engineer shall submit a statement certifying that a performance agreement has been filed with the city providing that all improvements called for will be completed in accordance with city standards and specifications."

The Subdivision Agreement provides:

"That the entire plat area will be fully and completely developed as required by Chapter X Springfield Code 1965 * * * and in accordance with any and all other applicable City ordinances and policies, including * * * street paving."

██ In determining whether a property is benefited a city is not required to look at present use alone. *Wing v. City of Eugene,* 249 Or 367, 437 P2d 836 (1968). Further, our Supreme Court has uniformly held that a city council's determination that property has been benefited is conclusive unless the court can say that the city council's action was palpably arbitrary and abusive. *Gilbert v. City of Eugene,* supra; *Stanley v. City of Salem,* supra; *Raz et al v. City of Portland et al,* 226 Or 515, 360 P2d 549 (1961).

██ The burden of proof is on the property owner objecting to an easement on the grounds of lack of benefit. In order to overcome the presumption of correctness the property owner must meet a heavy burden. *Stanley v. City of Salem,* supra. In *Stanley,* 247 Or at 65, our Supreme Court quoted with approval a statement from McQuillin, Municipal Corporations, which articulates the burden which must be met in a case of this kind:

> " 'Only "clear proof of great force" will warrant a conclusion that an assessment is erroneous.' " 14 McQuillin, Municipal Corporations 438, § 38.186 (3d ed 1950).

We must now determine whether the allegation made by Western that there is no benefit to its property because (1) it presently has access to Main Street and (2) South 49th Place provides only an alternate circuitous access to Main Street overcomes the presumption of validity accorded the city council's determination.

A similar issue arose in *Gilbert v. City of Eugene,* supra. In *Gilbert* the plaintiff argued that an existing sewer line provided all the sewer requirements it could possibly use and, therefore, it could not benefit from another sewer line in an easement adjoining plaintiff's property. The court held that such an ar-

gument did not overcome the presumption of validity given to the city council's assessment determinations. To the same effect *see also, Stanley v. City of Salem,* supra; *Austin v. Tillamook City,* 121 Or 385, 254 P 819 (1927). We cannot accept petitioner's argument that this presumption was eliminated by the rule in zoning cases announced in *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973).

■ A writ of review is tried upon the record brought from the inferior tribunal. *Wing v. City of Eugene,* supra. From our examination of that record and the above authorities, we conclude that Western failed to establish that the city council acted arbitrarily in its determination that Western benefited from the improved street, and thus failed to overcome the presumption that its property was properly assessed with a share of the cost of the improvement.

7. In its second assignment of error the City contends that the circuit court erred in its ruling that Western was denied equal protection of the law because Western was assessed for a cost which was contractually and statutorily placed upon the developers of property adjacent to Western.[9]

---

[9] The circuit court ruled:

"* * * [T]hat § 10-4-6 of the Springfield Code, which contains the ordinances of the Respondent [City of Springfield], specifically required persons other than Petitioner [Western Amusement Company, Inc.] to pay for the costs of construction of such street, and the Court further finding that a valid and enforceable contract existed between the City of Springfield and other persons whereby such other persons were obligated to pay for the construction of South 49th Place as alleged in the Petition, and based upon the foregoing, the Court specifically finding that the City Council of the City of Springfield acted unconstitutionally in assessing Petitioner for the costs of construction of such street,

"NOW, THEREFORE, in consideration of the foregoing,

We are likewise of the opinion that the challenged assessment cannot be overturned on petitioner's second ground.

First, petitioner offered no evidence showing that the City was not applying its ordinances uniformly, or that petitioner was treated differently than other property owners abutting on subdivision perimeter streets elsewhere in the city.

██ Secondly, we conclude that the City was not required to assess and collect the entire cost from the subdividers, either under the subdivision ordinance or the performance agreement. Neither the subdivision ordinance nor the performance agreement can be construed as being in the nature of a 'third party beneficiary' contract giving the petitioner or any other abutting property owner the right to have an improved street constructed alongside its property without sharing in the cost. If this were so all property owners in the city, whose property was not located on the perimeter of a subdivision, could claim an unlawful discrimination inasmuch as property owners located by chance on the perimeter of a subdivision would be entitled to a free street while they were not.

Based upon our examination of the subdivision ordinance and the performance agreement, we conclude that their purpose is to make certain that all improvements in a subdivision will meet city standards. The terms of the performance agreement are sufficiently broad (a) to permit the City to require that the subdivider will completely improve the streets within the subdivision, or (b) to permit such streets

it is hereby ordered and decreed pursuant to ORS 34.100 that the decision of the City Council of the City of Springfield assessing Petitioner for a portion of the costs of construction of South 49th Place in the City of Springfield be, and the same hereby is, reversed and annulled."

to be improved by the usual city improvement procedures (petition process or council initiation).

We hold that the action of the City in (a) determining that petitioner's property was benefited, (b) requiring petitioner to pay its proportionate share of the cost of the improvement, and (c) refusing to assess the subdivider with the entire cost thereof, was not "palpably arbitrary and abusive" (*Gilbert v. City of Eugene,* and *Stanley v. City of Salem,* both supra), and did not deprive petitioner of due process or equal protection of the laws as guaranteed by the Fourteenth Amendment[4]. *Wing v. City of Eugene,* supra. The finding of the lower court to the contrary was error.

Reversed.

SCHWAB, C. J., specially concurring.

I concur in the result reached by the majority, but do not agree with footnote 1 which implies that the trial court's scope of review was governed by ORS 34.040 as it read prior to a 1973 amendment. Oregon Laws 1973, ch 561, p 1262. The older version provided: "The writ shall be allowed in all cases where the inferior court * * * appears to have exercised * * * [its] functions erroneously or arbitrarily." The newer version states that the writ shall be allowed in all

---

[4] In connection with petitioner's substantive due process contention, Prof. Hans Linde in an interesting and instructive article entitled *Without "Due Process,"* 49 Or L Rev 125 (1970), points out that the United States Supreme Court, since Nebbia v. New York, 291 US 502, 54 S Ct 505, 78 L Ed 940 (1934), has consistently rejected challenges that a particular state or municipal regulatory policy deprives the complainant of substantive due process guaranteed by the Fourteenth Amendment, unless grounded on a right protected by another amendment such as the First, Fourth or Fifth. In doing so the high court has of course declined to follow a long line of older decisions which had invalidated state and local legislation on this ground. Prof. Linde scores both the bench and bar for not taking heed of this radical shift in constitutional doctrine.

cases where the inferior body has "made a finding or order not supported by reliable, probative and substantial evidence * * *."

This is a procedural statute. Therefore, the version in effect at the time the case was considered by the trial court is the statute which should govern the scope of review. Although the petition for the writ of review was filed prior to the effective date of the 1973 amendment, the file indicates that the actual review took place after the effective date.

It also follows that the Oregon cases, dealing with scope of review under the older version of ORS 34.040 and relied upon by the majority, may well no longer be authoritative.

Under ORS 34.040 as it now reads, I conclude that the findings challenged here were supported by reliable, probative and substantial evidence.