Argued and submitted December 2, 1988, affirmed May 3, reconsideration denied August 25, petition for review allowed October 26, 1989 (308 Or 465)

# AETNA CASUALTY & SURETY CO.,
*Appellant,*

*v.*

# OREGON HEALTH SCIENCES UNIVERSITY et al,
*Respondents.*

## (A8801-00185; CA A48659)

773 P2d 1320

George W. McKallip, Jr., Portland, argued the cause for appellant. With him on the briefs was Kennedy, King & Zimmer, Portland.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and Graber, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Aetna Casualty and Surety Company (Aetna) appeals the dismissal of its complaint for failure to state a claim. ORCP 21. It brought the action as the purported sub-rogee of Shriners Hospital for Crippled Children (Shriners) and Dr. Hermens. It seeks to recover from Oregon Health Sciences University (OHSU) and the state what it had paid to settle a medical malpractice case against OHSU, Shriners and Hermens. We affirm.

Hermens was a resident in OHSU's graduate medical program. OHSU assigned him on rotation to Shriners, an affiliated hospital. While working at Shriners, he allegedly committed malpractice. The state received a timely tort claim notice, and a complaint was filed, naming OHSU, Shriners and Hermens as defendants. Aetna's policy covered Shriners during the relevant time. Neither the state nor OHSU was insured under the policy. After Aetna received notice of the malpractice claim, it tendered the defense to OHSU and the state. The state accepted responsibility for Hermens' defense, but not for Shriners'. Aetna paid $175,000 and the state and OHSU paid $40,000 on a $215,000 settlement. Nothing in the settlement document allocated liability or responsibility, and the settlement released all of the alleged tortfeasors. The malpractice action was dismissed with prejudice.

Aetna now contends that it has a claim for indemnification against the state and OHSU.[1] It apparently asserts a right both to common-law indemnity and to statutory indemnity under ORS 30.285(1). Entitlement to common-law indemnity requires that the person claiming it must be liable to a third party, that the person from whom indemnity is sought must also be liable to the third party and that, as between the two contestants, the defendant ought to pay. In *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 493 P2d 138 (1972), the Supreme Court interpreted the last requirement to mean that the liability of the party claiming indemnity must have been "secondary," or its fault merely "passive," while the

---

[1] The state asserts that an indemnity claim is quasi-contractual and that, therefore, sovereign immunity precludes Aetna's claim. Because Aetna fails to state a claim for indemnification, we need not discuss that issue.

liability of the party from whom indemnity is sought must have been "active" or "primary." 261 Or at 210-211.

The sole issue on this contention is whether the complaint contains allegations that, taken as true, are sufficient to support a conclusion that, as between plaintiff and defendants, defendants ought to pay.[2] It alleges that defendants are liable because they were Hermens' employers and because Aetna had discharged an obligation that was the sole responsibility of defendants. However, the complaint fails to allege adequately that, as between Aetna and either OHSU or the state, Aetna's insured's liability was secondary or merely passive, while that of OHSU and the state was active or primary. *See Kamyr, Inc. v. Boise Cascade Corp.,* 268 Or 130, 133, 519 P2d 1031 (1974). Aetna alleges that defendants' liability is derivative, arising from their status as Hermens' employer. It does not allege that either OHSU or the state was negligent in selecting, certifying or supervising Hermens. It alleges that Shriners, its insured, was not independently liable, but was legally responsible only by reason of Hermens' alleged negligence. On that basis, defendants could not be more liable than Aetna's insured; everyone but Hermens is passively liable. The bare allegation that Aetna's insured's obligation was the sole responsibility of defendants does not cure the defect. Plaintiff has failed to state a claim for common-law indemnification and, therefore, the trial court did not err in dismissing that claim.

Aetna also contends that, because Hermens was an additional insured under its policy and because Aetna discharged his liability, Aetna may sue the state for indemnification as his subrogee. ORS 30.285(1). Although Aetna's *brief* asserts that Hermens was an additional insured under the policy, the complaint does not allege the terms of the policy, incorporate the policy by reference or allege that Hermens was an additional insured. Because the necessary facts are not pleaded, the trial court properly dismissed the statutory claim.

Aetna next contends that Shriners was a third party

---

[2] The complaint alleges:

"Shriners was not independently liable or responsible to [original plaintiff] for the injuries she suffered while being cared for by Dr. Hermens, but Shriners was legally responsible for the alleged negligence of Dr. Hermens in the lawsuit."

beneficiary of the residency contract between OHSU and Hermens, which promises professional liability protection to Hermens under ORS 30.260 to ORS 30.300. Aetna argues that this issue may be decided only after a trial on the merits. We disagree. Whether a third party beneficiary relationship exists is determined by the application of the rule stated in *Restatement Contracts,* § 133(1) (1932), which provides, in part:

> "Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (1):
>
> "(a)   a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary * * *."

*See Johnson v. Doughty,* 236 Or 78, 83, 385 P2d 760 (1963). To qualify as a donee beneficiary under § 133 (1)(a), Aetna, as Shriners' subrogee, must show that Hermens' intent in obtaining the state's promise to indemnify him was to confer a right to indemnity on Shriners. *See Northwest Airlines v. Croscetti Bros.,* 258 Or 340, 346, 483 P2d 70 (1971). Neither the pleaded terms of the contract nor the pleaded circumstances accompanying its formation would permit the conclusion that the state intended to confer such a right. The court did not err in dismissing Aetna's claim for enforcement of a third party beneficiary contract.[3]

■       Finally, Aetna contends that it is entitled to contribution from defendants. ORS 18.440.[4] A right of contribution

---

[3] Under the Oregon Tort Claims Act, ORS 30.285(1), a public body has a statutory duty to defend and indemnify its employes. The state was acting under that duty when it settled with the tort plaintiffs. Although it has that statutory obligation to its employes, it has no such obligation to its employes' tort victims. If, as Aetna claims in its brief, Hermens was an additional insured under its policy with Shriners, Aetna would be precluded from suing him directly. Even if Aetna steps into Hermens' shoes as his subrogee, in that capacity it may only assert Hermens' claims against the state, which do not exist, not its own or Shriners' claims. *State ex rel Healy v. Smither,* 290 Or 827, 832, 626 P2d 356 (1981).

[4] ORS 18.440 provides:

"(1)   Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even

may exist when two or more persons are jointly or severally liable in tort for the same injury, ORS 18.440(1), and one tortfeasor has paid more than its share of the common liability. Its recovery is limited to the amount paid in excess of its proportional share, ORS 18.440(2), based on its relative degree of fault. ORS 18.445(1).

■ Aetna asserts Shriners' right to seek contribution from its joint tortfeasors, because it allegedly paid more than its proportional share of common liability for the underlying malpractice. The complaint, however, contains no allegation that Aetna discharged a common liability. Rather, the complaint merely alleges that "Aetna paid more than its proportionate share of the common liability * * *." That is not a pleading that it discharged the liability. ORS 18.450(4). Accordingly, the pleading is not sufficient. There is nothing in the pleadings or in the release to indicate whether Aetna paid only to obtain the release of Shriners or, to any extent, to obtain the release of OHSU or Hermens. There was no reservation of rights. On the contrary, the release extinguished all claims against all tortfeasors without distinction. When one tortfeasor settles a case on behalf of all potentially liable

though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

"(2) The right of contribution exists only in favor of a tortfeasor who has paid more than a proportional share of the common liability, and the total recovery of the tortfeasor is limited to the amount paid by the tortfeasor in excess of the proportional share. No tortfeasor is compelled to make contribution beyond the proportional share of the tortfeasor of the entire liability.

"(3) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what is reasonable.

"(4) A liability insurer, who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportional share of the common liability. This subsection does not limit or impair any right of subrogation arising from any other relationship.

"(5) This section does not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of the indemnity obligation.

"(6) This section shall not apply to breaches of trust or of other fiduciary obligation."

defendants, it may look to the others for contribution. However, when joint tortfeasors settle and extinguish all claims and the settlement agreement does not provide any basis for determining that the one claiming contribution has discharged a common liability, contribution is barred. *See Transport Indemnity Co. v. BB&S, Inc.,* 63 Or App 392, 398, 664 P2d 1115, *rev den* 295 Or 631 (1983). Aetna did not settle the claims against all tortfeasors alone. Rather, acting with the state and OHSU, it settled all of the claims. The trial court did not err in dismissing plaintiff's contribution claim.

Affirmed.