Submitted on record and briefs September 28, 1989, affirmed January 17, 1990

# VALE DEAN CANYON
# HOMEOWNERS ASSOCIATION,
*Plaintiff,*

*and*

# SPENCER et al,
*Respondents,*

*v.*

# DEAN,
*Appellant.*

## (88-269 CV; CA A51287)

785 P2d 772

H. F. Smith, Klamath Falls, filed the brief for appellant.

Michael L. Spencer, Klamath Falls, filed the brief *pro se* and for respondent Pamela J. Spencer.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a summary judgment for plaintiffs Spencer,[1] contending that there are material issues of fact as to whether plaintiffs were third-party beneficiaries under a contract between Klamath County and him and whether he breached that contract.[2] We affirm.

Defendant developed Vale Dean Canyon subdivision, where plaintiffs purchased a lot. In 1981, in order to obtain approval of the subdivision plat, defendant signed an agreement with Klamath County that provided, in pertinent part:

> "This document is to provide an AGREEMENT AND ASSURANCE OF PERFORMANCE for the construction of certain improvements as required by Klamath County, Oregon in conjunction with the recordation of the official subdivision plat of TRACT #1198, VALE DEAN CANYON. The subdivider, Dr. W.F. Dean does hereby agree to construct and install the improvements as shown on the approved road profiles bearing the approval date of September 8, 1981 on file in the office of the Klamath County Engineer. The construction and installation of said improvements will be completed by September 8, 1983.

> "To assure the performance of the above Agreement, the subdivider hereby makes an irrevocable assignment of CERTIFICATE OF DEPOSIT * * * in the amount of Five Thousand and 00/100 dollars ($5,000.00) to the KLAMATH COUNTY DEPARTMENT OF PUBLIC WORKS (ROAD DEPARTMENT). * * * In the event the subdivider does not complete the construction and installation of said improvements, Klamath County shall use whatever portion of said Bond necessary to pay for the cost of the completion of said improvements. Klamath County may grant an extension of the time limit placed upon said performance upon application by the subdivider showing good and sufficient reason for a delay in completion."

Defendant never constructed the improvements required by the contract, which consisted of placing crushed rock on the roadways. In 1988, the purchasers of lots formed a road

---

[1] The trial court entered a judgment of dismissal against plaintiff Vale Dean Canyon Homeowners Association. That is not appealed.

[2] The trial court's judgment dismissed plaintiffs' fraud claim.

improvement district, plaintiff Vale Dean Canyon Home-owner's Association, to complete the roads with crushed rock and paving. After hearings on the matter, the county contracted for the work, including the improvements required under the agreement, and assessed each homeowner an equal share of the total cost of completion. Plaintiffs then brought this action for damages for the cost of the work described in the agreement.

Defendant first argues that the trial court erred in holding that plaintiffs are third party beneficiaries of the agreement between defendant and Klamath County as a matter of law. *Restatement of Contracts,* § 145, entitled "Beneficiaries Under Promises to the United States, a State or a Municipality,"[3] provides:

> "A promisor bound to the United States or to a State or municipality by contract to do an act or render a service to some or all of the members of the public, is subject to no duty under the contract to such members to give compensation for the injurious consequences of performing or attempting to perform it, or of failing to do so, unless,
>
>> "(a) an intention is manifested in the contract, as interpreted in the light of the circumstances surrounding its formation, that the promisor shall compensate members of the public for such injurious consequences, or
>>
>> "(b) the promisor's contract is with a municipality to render services the non-performance of which would subject the municipality to a duty to pay damages to those injured thereby."

The parties agree that, when the contract was formed, Klamath County had no obligation to improve the roads in the subdivision at its own expense.[4] Subsection (b) therefore does not apply. The relevant inquiry is whether subsection (a) applies: Does the agreement manifest an intention, in the light of surrounding circumstances, that the subdivider be

---

[3] Counties are municipalities for purposes of this section. *See* Illustration 4, involving recovery of damages under a contract between a county and a surety company by a member of the public.

[4] According to plaintiff Michael Spencer's affidavit, he, as president of the Vale Dean Canyon Homeowners Association, deeded the roads in the subdivision to the county on May 11, 1988, for the purpose of petitioning to have them improved.

liable to the homeowners for non-performance? If so, plaintiffs are donee beneficiaries and may enforce the agreement. *See* 4 Corbin, *Contracts,* § 805 (1951); *Restatement of Contracts,* § 145 *Comment.*[5]

■ ■    The intent of the promisee controls. 4 Corbin, *Contracts,* § 806 (1951). It is not necessary that the promisee intend to create a right of enforcement in the third party, but only that it intend to benefit him. 4 Corbin, *Contracts,* § 777 (1951); *cf. Aetna Casualty & Surety Co. v. OHSU,* 96 Or App 292, 296, 773 P2d 1320, *aff'd* 310 Or 61 (1990) (to qualify as a donee beneficiary under § 133, party must show that promisee's intent in obtaining promise was to confer right on third party). When the promisee is a governmental entity, its intent ordinarily is determined by using objective, rather than subjective, criteria, Calamari & Perillo, *Contracts* 611, § 17-2 (2d ed 1977), including whether performance runs directly to the third party, whether the contract benefits specific individuals, as opposed to the public in general, and whether permitting a third party to enforce the contract would subject the promisor to unreasonable liability. 4 Corbin, *Contracts,* § 806; *see Town of Ogden v. Earl R. Howarth & Sons,* 58 Misc 2d 213, 294 NYS2d 430 (1968).

■    The circumstances of this case persuade us that plaintiffs have enforceable rights under the agreement. The terms provide, not only that defendant will construct road improvements in the subdivision, but that, if he fails to do so, the county "shall" use the money deposited by defendant for that purpose. Thus, both the promised performance and the remedy for failure to perform run to the benefit of lot owners. Second, any benefit that the public at large might receive from improved roads in the subdivision is incidental. Finally, permitting plaintiffs to recover does not subject defendant to unforeseen liability, but only to the burden of his promised performance. Under the circumstances, we can discern no

---

[5] Section 145(a) is a special application of the principles stated in § 133(1)(a), which describes the circumstances under which a person is a donee beneficiary of a contract, and § 135, defining the duties created by a gift promise. Section 133 has been adopted as the Oregon rule governing the rights of third parties under a contract. *Johnston v. The Oregon Bank,* 285 Or 423, 429-30, 591 P2d 746 (1979).

reason to deny plaintiffs recovery under a contract clearly made for their benefit.[6]

Defendant contends that the county's purposes in requiring him to sign the agreement were to ensure that the roads in the subdivision would be improved without cost to itself and to comply with the county's Land Development Code. He argues that the county thus intended the agreement for its own, rather than plaintiffs', benefit.[7] However, when the contract was formed, the county had no obligation to improve the roads. Therefore, the primary purpose of the agreement could not have been to indemnify it for the cost of the improvements.[8] Moreover, Section 46.001 of the Klamath County Land Development Code clearly requires the *subdivider* to install the improvements.[9] The fact that the func-

---

[6] There may be circumstances in which a governmental entity already had the power to compel the same performance that it required in a contract. In such a case, the contract might be characterized as a form of notice to the promisor of the already existing duties to the entity. However, the existence of regulations does not negate the possibility of a contract supported by consideration. In this case, the county gave plat approval in exchange for a defined remedy for non-compliance with defendant's duties: forfeiture of its deposit. That is a contract that plaintiffs have the right to enforce.

[7] Contrary to defendant's assertions, *Western Amusement v. Springfield,* 21 Or App 7, 533 P2d 825 (1975), *aff'd* 274 Or 37, 545 P2d 592 (1976), is not dispositive of whether plaintiffs are third party beneficiaries of defendant's agreement with the county. The terms of the performance agreement construed there differ significantly from those in the agreement at issue in this case.

[8] In an affidavit submitted as part of defendant's response to plaintiff's motion for summary judgment, the assistant director of the Klamath County Department of Public Works stated:

"In lieu of performing the work, the developers entered into an agreement with Klamath County, Oregon, whereby the developers deposited the sum of $5,000.00 with the County, *which sum was subject to forfeiture* in full or in part *to the County if it were required to pay the costs* or any part thereof, *for completion of the work specified* in the order of the Klamath County Planning Commission." (Emphasis supplied.)

That statement suggests that the assistant director believed that one of the county's purposes in requiring the agreement was to ensure that the roads would be improved at no cost to itself. However, because there is no evidence that the assistant director negotiated the contract, his belief regarding its purpose is not relevant. Even if it were, however, the existence of that intent on the county's part does not negate the primary intent to benefit the lot owners.

[9] Article 46 of the Klamath County Land Development Code provides, in part:

"0. Approval of County Engineer - Upon its receipt, the Planning Director shall transmit the final plat and other related supplementary data to the County Engineer who shall ensure that the subdivider has complied with the following requirements:

tion of the contract was to comply with those regulations makes the conclusion that the agreement was for the benefit of the lot owners even more compelling.

■ Defendant's second argument is that, because the record contains affidavits of the assistant director of the county's Department of Public Works stating that the county has extended the time limits for defendant's performance and that the agreement between the parties is still in effect, there is a question of fact as to whether he breached the agreement.[10] However, it is undisputed that the work required of defendant under the agreement already has been performed.

---

"1. Before approval is certified on the final plat, the subdivider shall:

"a. In stall all required improvements and repair existing streets and other public facilities damaged in the development of the subdivision; or

"b. Execute and file with the County Engineer an agreement between himself and the County specifying that within two (2) years all required improvements and repairs shall be completed, and providing if such work is not completed within two (2) years, the County may complete the same and recover the full cost and expense from the subdivider;

"* * * * *

"4. When improvements are to be installed by the subdivider, under terms of an agreement:

"a. A subdivision bond or other security acceptable to the County Engineer shall be required;

"* * * * *

"c. Extension of the time limit may be granted under conditions specified.

"5. The subdivider shall file with the agreement, to assure his full and faithful performance, one of the following subject to County approval.

"* * * * *

"c. Time deposit certificates payable to Klamath County."

[10] The trial court did not consider the evidence on the ground that

"[a]s a condition of plat approval, the defendants had to execute a written contract with Klamath County to do certain road work within two years. That contract is dated September 8, 1981.

"The contract between defendants and Klamath County is in default. It is a written contract. Oral extensions for a two year period violate the statute of frauds and are unenforceable. The contract was therefore in default in 1983."

Although the Statute of Frauds, ORS 41.580(1)(a), precludes evidence of an agreement "that by its terms is not to be performed within a year from the making," that rule applies only to agreements that *cannot* be fully performed within one year. *Condon Nat. Bank v. Cameron*, 110 Or 475, 479, 216 P 558 (1924); 2 Corbin, *Contracts* § 444 (1951). Because defendant could have constructed the road improvements within one year after making the contract, the agreement is outside the Statute of Frauds.

That fact renders his future performance useless or impossible, making the issue of breach irrelevant to his contractual obligations.

The parties omitted from their contract an explicit agreement regarding who should bear the risk that defendant's performance would be rendered useless. However, it is reasonable to conclude that, had they considered the matter, they would have agreed that defendant should bear it. As previously noted, the contract requires that defendant either install the improvements or, in the event of non-performance, forfeit a certificate of deposit, whose proceeds should be used to pay for them. To excuse defendant from doing either on the basis of impossibility would defeat the principal purpose of the agreement, which was to ensure that he remain responsible for the cost of the improvements.[11]

Moreover, "where [a] party has partly or wholly performed without receiving compensation, justice requires the imposition of a quasi contractual obligation on the party receiving such performance to pay its fair value." Williston & Thompson, *Selections From Williston on Contracts* 944, § 1972 (rev ed 1938).[12] In this case, defendant already has received plat approval in consideration of his performance under the contract. Unless he remains responsible for the value of his performance, he will be unjustly enriched.[13]

Affirmed.

---

[11] *Restatement of Contracts,* § 236, provides, in part:

"Where the meaning to be given to an agreement or to acts relating to the formation of an agreement remains uncertain after the application of the standards of interpretation stated in §§ 230, 233, with the aid of the rules stated in § 235, the following rules are applicable:

"* * * * *

"(b) The principal apparent purpose of the parties is given great weight in determining the meaning to be given to manifestations of intention or to any part thereof."

[12] *Restatement of Contracts,* § 468, ¶ 2, provides:

"Except where a contract clearly provides otherwise, a party thereto who has rendered performance for which the other party is excused by impossibility from rendering the agreed exchange, can get judgment for the value of what he has rendered, less the value of what he has received, unless what he has rendered can be and is returned to him in specie within a reasonable time."

[13] The trial court determined that the cost of the work required under the contract was $11,915.66. Defendant does not challenge that finding.